IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK RYLAND DOWDY,** ) | Civil Action No. 7:11-cv-00457 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **ALBEMARLE CHARLOTTESVILLE** ) | | |
| REGIONAL JAIL, <u>et al.</u>, ) | By: | Hon. Michael F. Urbanski |
| Defendants. ) | | United States District Judge |

Mark Ryland Dowdy, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.  Plaintiff complains about conditions of confinement at the Albemarle Charlottesville Regional Jail ("Jail") and alleges that all the circumstances of his confinement violate his constitutional rights.  The court conditionally filed the action, advised plaintiff that his Complaint failed to state a claim upon which relief may be granted, and provided him the opportunity to voluntarily dismiss the action or submit an Amended Complaint.  Plaintiff filed an Amended Complaint with attachments and names additional defendants who work at the Jail.[1]  This matter is presently before the court for screening, pursuant to 28 U.S.C. § 1915A.  After reviewing plaintiff's Amended Complaint, the court dismisses it for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in his Amended Complaint.  Col. Matthews, Capt. Rush, and Lt. Schrek violate the due process clause of the Fourteenth Amendment, the

---

[1] Plaintiff's Original Complaint named the Jail as the sole defendant.  Following the court's conditional filing order, plaintiff filed the Amended Complaint, which also named Jail employees Col. Matthews, Capt. Rush, Lt. Schrek, Lt. Rawlings, Lt. Carver, Sgt. Jones, Sgt. Jordan, Cpl. Harris, Cpl. Sheler, C.O. Johnson, and Ms. Workman as additional defendants.  These defendants relate to the claims raised in the Original Complaint.

excessive fines and cruel and unusual punishment clauses of the Eighth Amendment, and his Sixth Amendment right to self-representation by charging him $1 per day, pursuant to Virginia Code § 53.1-131.3.[2]  The $1 daily fee allegedly limits the money available to mail documents to courts and to pay for commissary items, which plaintiff needs to supplement his diet because he does not easily digest the Jail's food.  Plaintiff concludes that § 53.1-131.3 is unconstitutionally overbroad and constitutes double-jeopardy because he considers the $1 fee a fine.

  Ms. Workman and Cpl. Sheler violated the cruel and unusual punishment clause of the Eighth Amendment by their medical malpractice between November 6 and 11, 2010.  Plaintiff "documented" his irritable bowel syndrome ("IBS") with the medical department on November 6, 2010.  (Am. Compl. ¶ 6.)  On November 8, 2010, Cpl. Sheler entered plaintiff's cell and accused him of being suicidal and on a hunger strike.  Plaintiff denied being suicidal or on a hunger strike and demanded that Cpl. Sheler "stop the harassment, invasion of privacy, and defamation of character."  (Id.)  On November 11, 2010, Ms. Workman accused plaintiff of being suicidal and on a hunger strike.  During these events, inmates overheard plaintiff's IBS diagnosis and now harass him.  The inmates also try to get food from him because they think he cannot eat certain foods.

  Col. Matthews and Capt. Rush cause cruel and unusual punishment by price gouging and having a monopoly on commissary sales.  Capt. Rush claims no responsibility for pricing

---

[2] Virginia Code § 53.1-131.3, "Payment of costs associated with prisoners' keep," states:
  Any sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $ 3 per day, to defray the costs associated with the prisoners' keep.  The Board shall develop a model plan and adopt regulations for such program, and shall provide assistance, if requested, to the sheriff or jail superintendent in the implementation of such program.  Such funds shall be retained in the locality where the funds were collected and shall be used for general jail purposes; however, in the event the jail is a regional jail, funds collected from any such fee shall be retained by the regional jail.  Any person jailed for an offense they are later acquitted for shall be refunded any such fees paid during their incarceration.

because the commissary is run by the Keefe Commissary Network, LLC.  Plaintiff's examples of price gouging included $1 for a $0.17 packet of Ramen Noodles; $1.40 for a $0.25 rice and beans package; $4 for a bag of miniature candy bars worth $1; and $0.47 for a postal stamp worth $0.44.

Plaintiff wants a personal, private toilet because he has to share toilets with other inmates.  Plaintiff notes that there is a toilet near the showers at the end of the pod and that each of the twenty cells has a toilet.  However, the toilet is not private when three other inmates are in the same cell.  Plaintiff believes the denial of his own, private toilet is cruel and unusual punishment.   Lt. Rawlings, Sgt. Jones, and Cpl. Harris' harassment of plaintiff allegedly constitutes cruel and unusual punishment.  On August 4, 2011, these officers approached his cell and hovered over him until he awoke and said, "Hello."  Plaintiff told Cpl. Harris that she was harassing him.  Cpl. Harris then looked around the cell for something to complain about, commented about his shower shoes, kicked the shower shoes out of the cell, and stormed out.

Ms. Workman, Lt. Carver, Sgt. Jordan, and C.O. Johnson allegedly violated the cruel and unusual punishment clause of the Eighth Amendment by their medical malpractice on September 26 and 27, 2011.  On September 26, Ms. Workman and C.O. Johnson forced plaintiff to medical "against his will" for a "frivolous physical."  Sgt. Jordan forced plaintiff to medical the next day, but Ms. Workman informed Sgt. Jordan that she completed the physical the previous day.

For all of his claims, plaintiff requests as relief $10,000 per day of incarceration. Plaintiff also specifically requests restitution of the $1 daily fees already paid, abolishment of § 53.1-131.3, and new Jail commissary policies and partnerships.

II.

The court must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v.

Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the Jail is not a "person" subject to § 1983. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning jails are not appropriate defendants to a § 1983 action).

Despite the court's prior warning, plaintiff's claims described in the Amended Complaint against Jail staff fail to state a claim upon which relief may be granted. The Jail's $1 fee is not punishment and does not violate plaintiff's due process rights. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243-54 (4th Cir. 2005). The $1 fee also does not violate the Eighth Amendment because plaintiff's allegations about the fee do not implicate or establish the basic elements of an Eighth Amendment cruel and unusual punishment claim; the fee is neither a "fine" nor "excessive"; and the fee is reasonably related to the promotion of legitimate penological interest, even if the fee is of constitutional significance. Waters v. Bass, 304 F. Supp. 2d 802, 807-09, 812 (E.D. Va. 2004). See Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 276 n.22 (1989) (declining to decide whether the excessive-fines protection applies to the States). Plaintiff also fails to say how the fee prejudiced his access to courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff's conclusory allegation that the statute is unconstitutionally overbroad is not entitled to an assumption of truth. Regardless, the statute is

not unconstitutionally overbroad. See, e.g., Broadrick v. Oklahoma, 413 U.S. 601, 613-14 (1973) (describing requirements to find a statute to be unconstitutionally overbroad).

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for unconstitutional medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, plaintiff fails to describe a serious medical need, how any defendant was personally aware of facts indicating a substantial risk of serious harm, or how any defendant actually recognized the existence of such a risk. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994). Neither a prisoner's disagreement with medical personnel about treatment nor allegations of medical malpractice state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Therefore, plaintiff's complaints about the diagnosis of suicide and conducting his physical fail to state a constitutional claim.

In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and a defendant prison official subjectively acted with deliberate indifference regarding the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, Helling v. McKinney, 509 U.S. 25, 31 (1993). However, an inmate is not entitled to relief simply because of uncomfortable, restrictive, or inconvenient conditions of confinement because "[t]o the extent that such-conditions are restrictive or even harsh, they are part of the penalty that

criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981).

Plaintiff fails to state a constitutional claim about sharing a toilet with other inmates in his cell and pod. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (describing due process and atypical and significant hardships in relation to the ordinary incidents of prison life); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). As the Supreme Court of the United States noted:

> A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. We strike the balance in favor of institutional security, which we have noted is central to all other corrections goals. . . . We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

Hudson v. Palmer, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted). Plaintiff has access to toilets in his cell and in the pod and, thus, the Jail does not deny him the minimal civilized measure of life's necessities. See Meckley v. Federal Correctional Institute, No. 89-6841, 1990 WL 73511, *1 (4th Cir. May 21, 1990) (unpublished) (finding no constitutional right to private toilet and shower facilities).

No federal constitutional provision requires jails to provide inmates with a commissary to purchase food items at any price. See Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop…."). Once a correctional facility voluntarily decides to set up a commissary for inmates, the

Constitution does not require the facility to offer its commissary items for sale at or near cost. See French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980); Trujillo v. Young, No. 7:02-cv-01083, 2003 U.S. Dist. LEXIS 27756, 2003 WL 23312781 at *3 (W.D. Va. June 5, 2003) (holding that inmate has no protected right to purchase commissary items at low prices); Hopkins v. Keefe Commissary Network Sales, No. 07-745, 2007 U.S. Dist. LEXIS 50961, 2007 WL 2080480 at *5 (W.D. Pa. July 12, 2007) (holding no right to restrain commissary from charging even exorbitant prices); Pepper v. Carroll, 423 F. Supp.2d 442, 449 (D. Del. 2006) (holding that inmate has no constitutionally protected right to purchase commissary items as cheaply as possible); Rodriguez v. Swanson Servs. Corp., No. 01-117-P-C, 2001 U.S. Dist. LEXIS 6328, 2001 WL 506871 at * 1 (D. Me. May 11, 2001) (holding commissary pricing does not implicate constitutional concerns).

     Plaintiff also fails to state a claim concerning staff's comments or alleged harassment. When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C. 1990) (same).  The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).  Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)

(calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough.  A [§ ]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.").  The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

III.

For the foregoing reasons, the court joins the new defendants and dismisses the Amended Complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  See Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987) (stating all litigants must stop, think, investigate, and research their claims before initiating a lawsuit or filing a paper).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

Entered:  October 25, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge